Benjeman Beck (SBN 268617)
ben@nolemon.com
Carey Wood (SBN 292447)
carey@nolemon.com
Sean Crandall (SBN 306768)
sean@nolemon.com
**CONSUMER LAW EXPERTS, PC**
5757 West Century Blvd, Suite 500
Los Angeles, CA 90045
Telephone: (310) 442-1410
Facsimile: (877) 566-8828

Attorneys for Plaintiff,
HENRY CANANI

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| HENRY CANANI, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FORD MOTOR COMPANY; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No. 2:21-cv-03346-SB-JC<br><br>**DISCOVERY MATTER**<br><br>[*Referred to Magistrate Judge Jacqueline Chooljian*]<br><br>**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ALTERNATIVE BRIEFING SCHEDULE OR, IN THE ALTERNATIVE, INFORMAL DISCOVERY CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Discovery Cutoff: October 1, 2021<br>Discovery Motion Hearing Cutoff: October 8, 2021<br>Pretrial Conference: December 3, 2021<br>Trial Date: December 13, 2021<br><br>Judge: Stanley Blumenfeld<br>Magistrate: Jacqueline Chooljian |

i

**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ALTERNATIVE BRIEFING SCHEDULE OR, IN THE ALTERNATIVE, AN INFORMAL DISCOVERY CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Pursuant to Local Rule 7-19, Federal Rule of Civil Procedure 6(c)(1)(A), and this Court's standing order, Plaintiff HENRY CANANI hereby applies to this Court *ex parte* for an alternative briefing schedule for Plaintiff's previously-filed Motion to Compel the Deposition of Defendant FORD MOTOR COMPANY's Person(s) Most Qualified and Production of Documents ("Motion"). [Docket No. 20.]

This Court has authority to shorten the time to hear the Motion and/or modify the briefing schedule thereto. Rule 6(c) of the Federal Rules of Civil Procedure sets forth the time for hearings on noticed motions "except[ ] . . . when a court order – which a party may, for good cause, apply for ex parte – sets a different time." Fed. R. Civ. P. 6(c)(1); see also *United States v. Fitch*, 472 F.2d 548, 549 n.5 (9th Cir. 1973) (citing former Rule 6(c) and explaining that this rule "allows the district court discretion to shorten time").

Here, Plaintiff requests an alternative briefing schedule, which is necessary due to Defendant's failure to comply with the requirements of Local Rule 37-2. Because Defendant has stated that it would be able to complete its portion of the Joint Stipulation by or before September 10, 2021 (Declaration of Sean Crandall ("Crandall Decl.") ¶ 4, Ex. B), Plaintiff requests that the Parties be able to re-submit the Joint Stipulation with Defendant's portion by or before September 13, 2021, that the Parties be allowed to file any supplemental memoranda of law (as allowed by Local Rule 37-2.3) by or before September 17, 2021, and that the September 28, 2021 hearing date move forward as noticed. Alternatively, Plaintiff requests that the Court order an informal discovery conference to take place by or before the current hearing date (September 28, 2021).

Good cause exists for this application. As explained more fully in the attached memorandum of points and authorities, Defendant's failure to adhere to the requirements of Local Rule 37-2 prevented Plaintiff from being able to file

1

**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ALTERNATIVE BRIEFING SCHEDULE OR, IN THE ALTERNATIVE, AN INFORMAL DISCOVERY CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

the Motion within the twenty-one (21) day notice period required by Local Rule 37-3 such that the Motion could be heard prior to the discovery cutoff of October 1, 2021 (although the twenty-eight (28) day notice period would have still allowed the Motion to be heard before the discovery motion cutoff of October 8, 2021). Given the importance of the testimony and documents sought, the diligence exhibited by Plaintiff, and Defendant's misconduct, good cause exists and an *ex parte* order creating an alternative briefing schedule for Plaintiff's Motion is necessary to protect the interests of justice.

Plaintiff thus humbly and respectfully requests that the Court exercise the authority granted to it by Fed. R. Civ. P. 6(c)(1) and Local Rule 6-1 here and order the alternative briefing schedule requested for the Motion or alternatively, order that an informal discovery conference take place. A Proposed Order consistent with the relief sought is submitted with this Application.

Plaintiff gave notice of this application to Alexandra Lototsky, counsel for Defendant, during a telephone conference on September 8, 2021. Crandall Decl. ¶ 5, Ex. C. On September 8, 2021, Plaintiff also separately provided notice by email, advising that any opposing papers are to be filed within twenty-four (24) hours as required by the Court's Standing Order. *Id.*

The name, address, and telephone number of Defendant's counsel is as follows:

> Alexandra Lototsky
> SANDERS ROBERTS
> 1055 W. 7th Street, Suite 3200
> Los Angeles, CA 90017
> Telephone: (213) 426-5000 x. 3347
> E-mail: alototsky@sandersroberts.com

///

///

2

**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ALTERNATIVE BRIEFING SCHEDULE OR, IN THE ALTERNATIVE, AN INFORMAL DISCOVERY CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

| | | |
|---|---|---|
| 1 | Dated: September 9, 2021 | CONSUMER LAW EXPERTS, PC |
| 2 | | By:   /s/ Sean Crandall |
| 3 | | Sean Crandall |
| | | Attorneys for Plaintiff, |
| 4 | | HENRY CANANI |

3

**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ALTERNATIVE BRIEFING SCHEDULE OR, IN THE ALTERNATIVE, AN INFORMAL DISCOVERY CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff HENRY CANANI ("Plaintiff") brings this *ex parte* application for an alternative briefing schedule or, alternatively, for an informal discovery conference, for the hearing of Plaintiff's Motion to Compel the Deposition of Defendant's Person(s) Most Qualified and Production of Documents ("Motion") which was filed on September 7, 2021 and is set for a hearing on September 28, 2021. This alternative briefing schedule is necessary, in the interests of justice, to allow Plaintiff's Motion to be timely heard in advance of the discovery cutoff in this matter.

This action alleges that Defendant violated California's Song-Beverly Consumer Warranty Act ("Song-Beverly Act" or "lemon law") by failing to repair Plaintiff's 2016 Ford Fusion vehicle and its various defects—including those affecting the Evaporative Emissions ("EVAP") system ("Defects")—within a reasonable number of attempts, and by refusing to repurchase the vehicle despite its knowledge that Plaintiff's vehicle suffers from those Defects.

In discovery, Plaintiff sought to depose Defendant's Person Most Qualified regarding various matters of examination and to have said witness produce documents related to Defendant's investigation and analysis of Plaintiff's vehicle as well as Defendant's policies and procedures related to the Song-Beverly Consumer Warranty Act. Plaintiff filed the Motion to Compel after Defendant refused to produce a witness on certain categories of testimony and failed to produce documents.

Plaintiff would be unduly prejudiced if he were forced to go to trial without being able to use the highly relevant testimony and documents at the subject of his Motion to Compel solely as a result of Defendant's failure to cooperate in the procedures of Local Rule 37-2. Accordingly, Plaintiff humbly and respectfully

1

**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ALTERNATIVE BRIEFING SCHEDULE OR, IN THE ALTERNATIVE, AN INFORMAL DISCOVERY CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

requests that this *ex parte* application be granted so that Plaintiff's Motion can be decided on the merits.

## II.     DEFENDANT VIOLATED LOCAL RULE 37-2.2

The United States District Court for the Central District of California Local Rule 37 lays out the procedure parties must follow when filing a discovery motion. In relevant part, Local Rule 37-2.2 requires that counsel for the moving party deliver to the opposing party its portion of the Joint Stipulation required by Local Rule 37-2, with the opposing party to return the Joint Stipulation with its portion within seven (7) days. Local R. 37-2.2.

On or about <u>August 30, 2021</u>, following the conference of counsel, Plaintiff delivered his portion of the Joint Stipulation regarding the Motion to Defendant's counsel for review and insertion of Defendant's portion of the Joint Stipulation. Crandall Decl. ¶ 3, Ex. A.

On or about <u>September 7, 2021</u>, Plaintiff reached out to Defendant's counsel regarding the status of Defendant's portion of the Joint Stipulation. Crandall Decl. ¶ 4, Ex. B. Defendant's counsel indicated that Defendant would not be able to provide its portion of the Joint Stipulation until at least <u>September 10, 2021</u>, **eleven (11) days** after Plaintiff had provided its portion of the Joint Stipulation. *Id.* Plaintiff thereafter advised that given Plaintiff's 21-day filing deadline pursuant to Local Rule 37-3 and the October 1, 2021 discovery cutoff, Plaintiff would proceed to file his instant Motion and advise the Court of Defendant's failure to provide its portion of the Joint Stipulation. *Id.*

Accordingly, on September 7, 2021, Plaintiff filed the Motion with Plaintiff's Portion of the Joint Statement. *See* Motion.

Here, and as explained below, Defendant's failure to adhere to the requirements of Local Rule 37-2 have necessitated the instant *ex parte* application. *See* Section III.B *et seq.*

2

**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ALTERNATIVE BRIEFING SCHEDULE OR, IN THE ALTERNATIVE, AN INFORMAL DISCOVERY CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

### III. LEGAL ANALYSIS

#### A. The Court is Authorized to Shorten Time for Notice and Hearing of the Motion and Set an Alternative Briefing Schedule

This Court has authority to shorten the time to hear Plaintiff's Motion. Rule 6(c) of the Federal Rules of Civil Procedure sets forth the time for hearings on noticed motions "except[ ] . . . when a court order – which a party may, for good cause, apply for ex parte – sets a different time." Fed. R. Civ. P. 6(c)(1); see also *United States v. Fitch*, 472 F.2d 548, 549 n.5 (9th Cir. 1973) (citing former Rule 6(c) and explaining that this rule "allows the district court discretion to shorten time"). The Local Civil Rules for the U.S. District Court for the Central District of California recognize this authority and provide that the Court "may order a shorter time" to hear a motion. Local R. 6-1.

Here, Plaintiff requests an alternative briefing schedule which would allow the hearing on the Motion to be heard on September 28, 2021. Specifically, because Defendant has stated that it will be able to complete its portion of the Joint Stipulation by or before September 10, 2021 (Crandall Decl. ¶ 4, Ex. B), Plaintiff requests that the Parties be able to re-submit the Joint Stipulation with Defendant's portion of the Joint Stipulation by or before September 13, 2021 (or any other date the Court deems appropriate), that the Parties be allowed to file any supplemental memoranda of law (as allowed by Local Rule 37-2.3) by or before September 17, 2021 (or any other date the Court deems appropriate), and that the September 28, 2021 hearing date move forward as noticed. Alternatively, Plaintiff requests that the Court order an informal discovery conference to take place by or before the current hearing date (September 28, 2021).

///

///

///

3

**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ALTERNATIVE BRIEFING SCHEDULE OR, IN THE ALTERNATIVE, AN INFORMAL DISCOVERY CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

### B. Good Cause Exists for the *Ex Parte* Relief Under the Circumstances

#### 1. *Plaintiff Needs the Sought-After Testimony and Documents in Order to Prepare His Case for Trial.*

In his Motion to Compel, and as further explained therein, Plaintiff seeks testimony and documents related to Defendant's communications with Plaintiff, the warranty repair history for the Subject Vehicle, its policies and procedures as it relates to ensuring compliance with the Song-Beverly Act, and its internal investigations and analyses of the EVAP defects affecting Plaintiff's vehicle. The testimony and documents sought are indisputably relevant to Plaintiff's claims that Defendant possessed prior knowledge of the subject Defects (through, for example, internal testing, bulletins issued to its dealers, and service campaigns); knew that Plaintiff's vehicle suffered from the defects; knew it could not repair Plaintiff's vehicle regardless of how many repair visits were made; willfully violated the Song-Beverly Act by refusing to repurchase the subject vehicle; and breached the implied warranty of merchantability when it sold Plaintiff a vehicle that contained known defects at the time of purchase.

Should the Court deny Plaintiff's requested relief, Plaintiff will be unjustly denied the chance to obtain and use crucial documents and testimony at trial that Defendant is refusing to produce.

#### 2. *An Ex Parte Order is Necessary to Ensure Plaintiff's Motion is Heard Before the October 1, 2021 Discovery Cutoff*

Local Rule 37-2.4 states that when a party, such as Defendant here, fails to comply with its obligations under Local Rule 37-2, the moving party is to submit a declaration to that effect and, importantly, that in such an instance Local Rules 6-1 (requiring 28 days' notice for a motion), 7-9 (opposing papers due 21 days before hearing)), and 7-10 (reply papers due 14 days before) apply.  Local R. 37-2.4.

4

**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ALTERNATIVE BRIEFING SCHEDULE OR, IN THE ALTERNATIVE, AN INFORMAL DISCOVERY CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

Here, the discovery cutoff in this matter is October 1, 2021 and the discovery motion cutoff is October 8, 2021. *See* Crandall Decl. ¶ 6, Ex. D. Had Defendant complied with its obligations under Local Rule 37-2.2, Plaintiff's Motion would have been timely filed with a Joint Stipulation within twenty-one (21) days' notice (as required by Local Rule 37-3) and heard on September 28, 2021, before the discovery cutoff of October 1, 2021. However, by failing to comply, Defendant through its misconduct created a situation wherein Plaintiff's Motion would be subject to the notice requirements of Local Rules 6-1, 7-9, and 7-10, ensuring that said Motion could not be heard until October 5, 2021, after the discovery cutoff (but, importantly, before the discovery motion cutoff of October 8, 2021). This timing was further complicated by the fact that the Court only hears discovery motions on Tuesdays.

Thus, there is good cause to grant Plaintiff's *ex parte* application, as it was solely necessitated by Defendant's misconduct and failure to adhere to the requirements of Local Rule 37-2.2. Had Defendant simply adhered to its requirements under the Local Rules in good faith, this entire situation could have been avoided.

Furthermore, any prejudice to Defendant is minimal since Defendant's counsel has acknowledged receipt of Plaintiff's portion of the Joint Stipulation and has advised that it will complete its portion by or before September 10, 2021. *See* Crandall Decl. ¶ 4, Ex. B. Defendant is fully aware of the subject matter of the Motion and is preparing its response—it will not be prejudiced by ordering an alternative briefing schedule that allows it to file its portion of the Joint Statement prior to the hearing on the instant Motion.

///
///
///
///

5

**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ALTERNATIVE BRIEFING SCHEDULE OR, IN THE ALTERNATIVE, AN INFORMAL DISCOVERY CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

### C. Plaintiff Alternatively Requests an Informal Discovery Conference

To the extent the Court is disinclined to expedite the hearing on Plaintiff's Motion or modify the briefing schedule thereto, Plaintiff alternatively requests that the Court order the Parties to attend an informal discovery conference regarding the issues contemplated by Plaintiff's Motion before the current discovery cutoff in this matter, October 1, 2021.  The Court may deem this option appropriate given that Defendant has agreed to produce a Person Most Qualified witness on September 16, 2021 on a limited subset of matters of examination.

### D. Defendant's Conduct Warrants the Imposition of Sanctions

Local Rule 37-4 states: "The failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions."

Here, Defendant failed to comply with or cooperate in the procedures articulated in Local Rule 37.  *See* Crandall Decl. ¶ 5, Ex. C.  Accordingly, Plaintiff requests the Court impose sanctions against Defendant for its failure to so cooperate, thereby necessitating this application.

### E. Plaintiff Has Fully Complied with Local Rule 7-19

Local Rule 7-19 states that it is the duty of the attorney applying for an *ex parte* order:

> (a) to make reasonable, good faith efforts orally to advise counsel for all other parties, if known, of the date and substance of the proposed ex parte application and
>
> (b) to advise the Court in writing and under oath of efforts to contact other counsel and whether other counsel, after such advice, opposes the application.

As stated in the Notice and supporting Declaration of Sean Crandall, filed herewith, counsel has duly complied with these requirements.  Plaintiff's counsel contacted Defendant's counsel via e-mail and telephonically to discuss the

6

**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ALTERNATIVE BRIEFING SCHEDULE OR, IN THE ALTERNATIVE, AN INFORMAL DISCOVERY CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**

substance of the instant application and determine whether Defendant would oppose it. Crandall Decl. ¶ 5, Ex. C. Defendant's counsel advised that Defendant would not stipulate to the requested alternative briefing schedule. *Id.*

## IV.  CONCLUSION

The Court should grant Plaintiff's *ex parte* application and set an alternative briefing schedule or, in the alternative, order an informal discovery conference.

Dated: September 9, 2021

Respectfully submitted,
CONSUMER LAW EXPERTS, PC

By:  /s/ Sean Crandall
Sean Crandall
Attorneys for Plaintiff,
HENRY CANANI

**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ALTERNATIVE BRIEFING SCHEDULE OR, IN THE ALTERNATIVE, AN INFORMAL DISCOVERY CONFERENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**