## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:21-cv-03346-SB-JC | Date | September 15, 2021 |
|---|---|---|---|
| Title | Henry Canani v. Ford Motor Company, et al. | | |

Present: The Honorable    Jacqueline Chooljian, United States Magistrate Judge

| Kerri Hays | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:**       (IN CHAMBERS)

**ORDER (1) DENYING PLAINTIFF'S EX PARTE APPLICATION (DOCKET NO. 22); AND (2) CONTINUING HEARING ON PLAINTIFF'S IMPROPERLY NOTICED MOTION TO COMPEL AND RESETTING BRIEFING SCHEDULE (DOCKET NO. 20)**

## I.    SUMMARY

On September 7, 2021, Plaintiff Henry Canani filed Plaintiff's Motion to Compel Deposition of Defendant's Persons(s) Most Qualified and Production of Documents ("Motion to Compel") which Plaintiff noticed for hearing before this Court on September 28, 2021 at 10:00 a.m.  (Docket No. 20). Plaintiff concurrently filed "Plaintiff's Portion of Joint Stipulation Regarding Plaintiff's Motion to Compel [etc.]" ("Plaintiff's Portion of the Joint Stipulation") and a Declaration of Sean Crandall ("Crandall MTC Declaration [or Decl.]") with exhibits ("Crandall MTC Ex.").  However, the Motion to Compel is not accompanied by an actual Joint Stipulation reflecting the positions of both parties and accordingly, was incorrectly noticed for hearing on a 21-day hearing schedule.

On September 9, 2021, Plaintiff filed Plaintiff's Ex Parte Application for An Alternative Briefing Schedule or, in the Alternative, Informal Discovery Conference ("Ex Parte Application") with a Declaration of Sean Crandall ("Crandal EP Decl.") and exhibits ("Crandall EP Ex.").  (Docket No. 22). On September 10, 2021, Defendant filed an Opposition to the Ex Parte Application with a Declaration of Alexandra Lototsky ("Lototsky EP Decl.") and an exhibit ("Lototsky EP Ex.").  (Docket No. 23).

For the reasons explained below, the Ex Parte Application is denied and the hearing on the Motion to Compel is continued to October 5, 2021 at 10:30 a.m.  The Court further sets a schedule for the parties to make additional submissions regarding the Motion to Compel.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03346-SB-JC | Date | September 15, 2021 |
|---|---|---|---|
| Title | Henry Canani v. Ford Motor Company, et al. | | |

## II.   BACKGROUND

On March 18, 2021, in Los Angeles County Superior Court, Plaintiff filed this "lemon law" action relating to his October 13, 2018 purchase of a 2018 Ford F-150 from a Ford dealership in Torrance, California.  (Docket No. 1).  The Complaint asserts five claims for violations of California Civil Code sections 1793.2(a)(3), 1793.2(b) and 1793.2(d), breach of express written warranty (California Civil Code sections 1791.2(a) & 1794), and breach of implied warranty of merchantability (California Civil Code sections 1791.1 & 1794).  (Docket No. 1).  On April 19, 2021, Defendant removed the action to this federal court based on diversity of citizenship.  (Docket No. 1).  On April 26, 2021, Defendant filed its Answer.  (Docket No. 9).

On May 21, 2021, the District Judge conducted a Scheduling Conference and set multiple dates, including a discovery deadline of October 1, 2021, and a discovery motion hearing deadline of October 8, 2021.  (Docket No. 16; Crandall EP Ex. D).

On July 16, 2021, Plaintiff served a Notice of Deposition of Ford's Person Most Knowledgeable ("PMK Notice") listing fifteen (15) topics for examination and attaching Plaintiff's Requests for the Production of Documents (alternatively "RFP" or "Document Requests") seeking the production of 22 categories of documents.  (Lototsky EP Decl. ¶ 3).

On August 4, 2021, counsel met and conferred regarding the topics for examination in the PMK Notice.  (Lototsky EP Decl. ¶ 4).  Defendant (1) agreed to produce a witness on topic nos. 1, 5, and 7; (2) agreed to produce a witness on topic nos. 2-4 and 9-10 with certain limitations arising from Defendant's contention that such topics were overbroad, vague and burdensome as written; and (3) declined to produce a witness as to topic nos. 6, 8 and 11-15 based on objections that such topics were burdensome, called for irrelevant information, or that the subject matter simply did not exist.  (Lototsky EP Decl. ¶ 4).  The parties did not then and have never met and conferred regarding Plaintiff's concurrently served Document Requests.  (Lototsky EP Decl. ¶ 4).

On August 17, 2021, the parties agreed that the deposition of Defendant's "Person Most Knowledgeable" would take place on September 16, 2021.  (Lototsky EP Decl. ¶ 5).  On the same date, Plaintiff served an Amended Notice of Deposition ("Amended PMK Notice") reflecting the agreed upon date.  (Lototsky EP Decl. ¶ 6).  The Amended PMK included only six topics – primarily those topics as to which Defendant had agreed to produce a witness during the meet and confer session – but did not include any of the limitations discussed by counsel.  (Lototsky EP Decl. ¶ 6).  The Amended Notice attached the same Document Requests.  (Lototsky EP Decl. ¶ 6).

On Monday, August 30, 2021 at 7:44 p.m., Plaintiff's counsel emailed Defendant's counsel Plaintiff's Portion of the Joint Stipulation which addressed all fifteen (15) topics included in the original PMK Notice and several of the Document Requests.  (Crandall EP Decl. ¶ 3; Crandall EP Ex. A; Lototsky EP Decl. ¶ 7).  Defendant's counsel was out of the office for part of the week of August 30, 2021 due to medical issues.  (Lototsky EP Decl. ¶ 7).  As a result, he assertedly was unaware of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03346-SB-JC | Date | September 15, 2021 |
|---|---|---|---|
| Title | Henry Canani v. Ford Motor Company, et al. | | |

Plaintiff's email until Friday, September 3, 2021.  (Lototsky EP Decl. ¶ 7).  "On or about September 7, 2021," Plaintiff's counsel followed up with Defendant's counsel.  (Crandall EP Decl. ¶ 4; Crandall EP Ex. B).  Defendant's counsel responded on the same date, indicating that he had not been in the office for part of the prior week and had only seen Plaintiff's Portion of the Joint Stipulation a couple of days prior to the Labor Day weekend.  (Lotosky EP Ex. A).  Defendant's counsel further noted, as to the categories of documents to be produced, that the parties had not met and conferred regarding such issues, and that any motion would be premature as Defendant's time to respond had not yet expired.  (Lotosky EP Ex. A).  Defendant's counsel requested that the parties agree to a later filing date for the Joint Stipulation, indicating a couple of more days were needed to fully respond and to address certain issues (*e.g.*, topic no. 10, which discussed a failure to produce documents which Defendant viewed to not be in issue/to make no sense in the context of a deposition topic).  ((Lotosky EP Ex. A).  Defendant further indicated that allowing Defendant until September 10, 2021 would still afford Plaintiff sufficient time to file and have the motion heard by the October 8, 2021 discovery motion deadline.  (Lototsky EP Decl. ¶ 8).  Plaintiff's counsel essentially responded that he believed his deadline to file the Motion to Compel was September 7, 2021 and wanted to have the motion heard on September 28, 2021, and therefore needed to file that day.  (Lototsky EP Decl. ¶ 3; Crandall Ex. B).  Plaintiff's counsel indicated that he would file on September 7, 2021 and advise the Court of Defendant's inability to provide its portion of the Joint Stipulation until September 10, 2021.  (Crandall EP Ex. B).  Defendant's counsel pointed out that if Plaintiff filed that day without a Joint Stipulation, the 28-day notice requirement under Local Rule 6-1 would apply so that there would be no prejudice to Plaintiff if he simply permitted Defendant to provide its portion of the Joint Stipulation on September 10, 2021 which would allow for a 21-day notice as, in any event, the Motion to Compel could not properly be noticed for hearing on September 28, 2021.  (Lototsky EP Decl. ¶ 8).  Plaintiff assertedly did not respond.

## III.    DISCUSSION AND ORDERS

Local Rules 37-1, *et seq.* govern the filing of motions to compel discovery in the Central District of California.  Such rules essentially contemplate that when a discovery dispute exists, the following shall occur:  (1) the moving party will send the opposing party a meet and confer letter which comports with Local Rule 37-1,[1] with the opposing party having ten days to confer; (2) thereafter, if the parties are unable to resolve their differences, the moving party shall send the moving party's portion of a joint stipulation which comports with Local Rule 37-2.1 & 37-2.2 (and all supporting documents) to the opposing party, with the opposing party having seven days to insert its position and return the joint stipulation (and all supporting documents) to the moving party; (3) the moving party shall then sign the joint stipulation and send the joint stipulation to the opposing party who must sign and return the joint stipulation by the end of the next business day; (4) the moving party shall then file the joint stipulation

---

[1]Pursuant to Local Rule 37-1, the moving party's letter must identify each issue and/or discovery request in dispute, state briefly as to each such issue/request the moving party's position (and provide any legal authority the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03346-SB-JC | Date | September 15, 2021 |
|---|---|---|---|
| Title | Henry Canani v. Ford Motor Company, et al. | | |

along with a notice of motion, setting the matter for hearing not sooner than 21 days later/the court's next subsequent regular hearing date; and (5) the parties may file supplemental memoranda not later than fourteen days before the hearing date. See Local Rules 37-1, 37-2, 37-2.1, 37-2.2, 37-2.3, 37-3. Alternatively, in the event that the opposing party fails to fulfill any of its foregoing obligations, Local Rule 37-2.4 allows the moving party to file a motion (not a joint stipulation) with a declaration attesting to the opposing party's failure, along with a notice of motion, setting the matter for not sooner than 28 days later/the court's next subsequent regular hearing date, with the opposing party's opposition due 21 days before the hearing date and the moving party's reply due 14 days before the hearing date.[2] See Local Rule 37-2.4. Local Rule 37-4 provides that the failure of any counsel to comply with or cooperate in the foregoing procedures may result in the imposition of sanctions

Plaintiff's Motion to Compel violates Local Rule 37-2.2 because, at a minimum, it is improperly noticed for hearing on a date earlier than twenty-eight (28) days from its filing. Plaintiff – through Plaintiff's Ex Parte Application – essentially seeks to shorten the hearing time on the Motion to Compel so that it is heard twenty-one (21) days from its filing.

A party seeking ex parte relief must demonstrate: (1) the moving party is without fault in creating the crisis that requires ex parte relief or the crisis occurred as a result of excusable neglect; and (2) the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. See Mission Power Engineering Co. v. Continental Casualty Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995). Here, Plaintiff has shown neither.

As to the former, Plaintiff fails to demonstrate that there is a "crisis," that Plaintiff is without fault in creating any "crisis," or that any "crisis" occurred as a result of excusable neglect. To the extent Plaintiff wished to have the Motion to Compel heard by September 28, 2021, the record reflects no reason why Plaintiff could not have prepared and provided Plaintiff's Portion of the Joint Stipulation to Defendant as early as August 17, 2021. There is no explanation for Plaintiff's inaction between August 17, 2021 and August 30, 2021.

As to the latter, Plaintiff fails to demonstrate that Plaintiff's cause will be irreparably prejudiced if the Motion to Compel is heard on October 5, 2021 according to the regular 28-day notice procedures because, as noted above, the deadline to hear discovery motions is October 8, 2021.

---

[2]Pursuant to Local Rule 37-2.4, the Court will not consider any discovery motion in the absence of a joint stipulation or a declaration from counsel for the moving party establishing that opposing counsel (a) failed to confer in a timely manner in accordance with Local Rule 37-1; (b) failed to provide the opposing party's portion of the joint stipulation in a timely manner in accordance with Local Rule 37-2.2; or (c) refused to sign and return the joint stipulation after the opposing party's portion was added. If such a declaration accompanies the motion, then Local Rules 6-1 (calling for not less than a 28-day notice), 7-9 (calling for the filing of an opposition not later than 21 days before the hearing date), and 7-10 (calling for the filing of a reply not later than 14 days before the hearing date).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03346-SB-JC | Date | September 15, 2021 |
|---|---|---|---|
| Title | Henry Canani v. Ford Motor Company, et al. | | |

IT IS THEREFORE ORDERED

1.      Plaintiff's Ex Parte Application is denied.

2.      As the Motion to Compel was not properly noticed for hearing on the current hearing date of September 28, 2021, and in order to bring this matter into compliance with the Local Rules, the hearing on the Motion to Compel is continued to **October 5, 2021 at 10:30 a.m.**  Absent further order of the Court, the hearing will be conducted telephonically. The Clerk will notify counsel regarding call-in information before the hearing date.

3.      Defendant shall file any opposition to the Motion to Compel by not later than September 21, 2021, and Plaintiff shall file any reply by not later than September 28, 2021.[3]

IT IS SO ORDERED.

---

[3]Alternatively, if both sides agree, they may instead file an actual Joint Stipulation on September 21, 2021 (which would make sense given the deposition set to take place on September 16, 2021 which may moot certain issues), and file their supplemental memoranda on September 28, 2021.